**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **RUTH COOPER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | No. 3:14-CV-3832-B-BH |
| ) | |
| **DART AREA RAPID TRANSIT,** ) | |
| ) | |
| **Defendant.** ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference dated April 28, 2015 (doc. 32), before the Court is *Defendant's Motion to Dismiss Plaintiff's 3rd Amended Complaint for Failure to State a Claim*, filed April 27, 2015. (doc. 30.) Based on the relevant filings and applicable law, defendant's motion to dismiss should be **GRANTED**. The plaintiff's federal claims should be **DISMISSED with prejudice** for failure to state a claim, and the Court should decline to exercise supplemental jurisdiction over her state law claims.

**I. BACKGROUND**

On October 27, 2014, Ruth Cooper (Plaintiff) filed this *pro se* case against Dallas Area Rapid Transit (Defendant). She expressly asserts a cause of action for breach of fiduciary duty for violations of 49 U.S.C. § 5333(b), but also appears to generally assert state law claims for wrongful termination, misrepresentation, and discrimination. (doc. 27 at 5-13.)

Plaintiff was a Facilities Planner II with Defendant's Planning Department and had over twenty years of experience with the Passenger Support Facilities and Scheduling sections in the Planning Department. (docs. 27 at 1-2; 27-1 at 2.) After receiving notice that her position would be eliminated in a reduction-in-force (RIF) on September 29, 2011, she filed a General Complaint under the Dispute Resolution Process of its Administrative Employment Manual through her union,

Amalgamated Transit Union (ATU), on October 3, 2011. (doc. 27-1 at 2-3.) She claimed that the RIF was improperly conducted. (*Id.*)

Plaintiff, an ATU representative, and representatives for Defendant—including the vice president for human resources, human resources manager, vice president of planning, and individuals from the legal department—attended a hearing on October 24, 2011, regarding the General Complaint. (*Id.* at 5.) After the hearing, the vice president for human resources determined that Plaintiff had filed the wrong type of complaint under the Dispute Resolution Process. (*Id.* at 5-6.) She was given ten days to refile a Level II Disciplinary Action Complaint. (*Id.*) According to Plaintiff, she and the ATU "followed the steps as indicated, and the fact finding process with little or few results." (doc. 27 at 10.) She now seeks a declaration that her termination was wrongful, compensatory damages, special damages, general damages, punitive damages, civil penalties, and costs. (*Id.* at 14.)

On April 27, 2015, Defendant moved to dismiss the complaint according to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* docs. 30-31.) Plaintiff filed a response (docs. 34-35), and the case is now ripe for recommendation.

## II.  RULE 12(b)(6)

Defendant moves to dismiss this case pursuant to Rule 12(b)(6). (doc. 30 at 1.)

**A.     Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*,

2

197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).[1]

It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981) (citation omitted). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."

---

[1] "Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Here, Defendant does not rely on any matters outside of the pleadings in support of its motion to dismiss.

*Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678 (noting that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

**B.** **§ 13(c)**

Defendant moves to dismiss Plaintiff's claims under § 13(c) "because the United States Supreme Court has held that section 13(c) does not create a federal cause of action for breaches of 13(c) agreements." (doc. 31 at 4.)

More commonly known as § 13(c) of the Federal Transit Act (formerly Urban Mass Transit Act), 49 U.S.C. § 5333(b) conditions a public transportation authority's receipt of federal financial assistance on "arrangements the Secretary of Labor concludes are fair and equitable" to protect "the interests of employees affected by the assistance." 49 U.S.C. § 5333(b); *see Lindsey v. Dallas Area Rapid Transit*, No. 3:08-CV-1096-G, 2009 WL 453769, at *2 (N.D. Tex. Feb. 23, 2009); *see also Dallas Area Rapid Transit v. Amalgamated Transit Union Local No. 1338*, 273 S.W.3d 659, 660 (Tex. 2008) (explaining procedural history and purpose of § 13(c)). Such arrangements "shall include provisions that may be necessary for . . . the preservation of rights, privileges, and benefits

4

. . . [and] the protection of individual employees against a worsening of their positions related to employment." 49 U.S.C. § 5333(b). Section 13(c) does not create a federal cause of action:

> Given [the] explicit legislative history, we cannot read § 13(c) to create federal causes of action for breaches of § 13(c) agreements and collective-bargaining contracts between UMTA aid recipients and transit unions. The legislative history indicates that Congress intended those contracts to be governed by state law applied in state courts.

*Jackson Transit Authority v. Local Div. 1285, Amalgamated Transit Union, AFL-CLC*, 457 U.S. 15, 29 (1982). "[U]nless there is an independent source of jurisdiction, such as diversity or pendent jurisdiction, [the plaintiff] must sue in *state court*." *Id*. at 28 n.11 (emphasis added); *see e.g., Johnson v. Metropolital Transit Authority of Harris County*, No. H–10–2205, 2010 WL 3516603 (S.D. Tex. Sept. 3, 2010) (dismissing § 13(c) claims because "[t]he United States Supreme Court has held that § 13(c) does not create a federal cause of action and, instead, is 'to be governed by state law applied in state courts.' ") (quoting *Jackson Transit Auth.*, 457 U.S. at 29).

Because § 13(c) provides no civil cause of action, Plaintiff fails to state a claim against Defendant under this statute.[2]

### III. STATE LAW CLAIMS

Plaintiff asserts state law claims for wrongful termination, misrepresentation, and discrimination.[3] (doc. 27; doc. 31 at 3.)

---

[2] Plaintiff also references numerous provisions of the United States Code and various federal acts throughout her complaint. (*See* doc. 27.) As noted, mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 555. To the extent that she is attempting to assert federal causes of action based on these general references, she has failed to plead "enough facts to state a claim to relief that is plausible on its face" under any of them. *Id*. at 570.

[3] Plaintiff does not expressly identify a legal basis for her discrimination allegations. (*See* doc. 27.) To the extent they may be liberally construed as arising under Title VII of the Civil Rights

5


Pursuant to § 1367(a), federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In essence, § 1367(a) grants courts the "power to hear a state law claim . . . if (1) the federal issues are substantial, even if subsequently decided [to be] adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon, LLC*, No. CIV.A.3:06–CV–879BH, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007).

When all federal claims are dismissed prior to trial, the general rule in this Circuit is for the district court to decline exercising jurisdiction over the remaining state law claims. *Nagy v. George*, No. 3:07–CV–368–K, 2007 WL 2122175, at *10 (N.D. Tex. July 23, 2007), *aff'd*, 286 F. App'x 135 (5th Cir. 2008); *see also* 28 U.S.C. § 1367(c)(3);[4] *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986). Nonetheless, this rule is "neither mandatory nor absolute." *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir.2002) (citation omitted). Rather, district courts are given "wide discretion" in deciding whether to exercise jurisdiction under such circumstances. *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers v. Gibbs*, 383 U.S.

---

Act of 1964, she has again failed to plead "enough facts to state a claim to relief that is plausible on its face" under that statute.

[4] Section 1367(c) allows district courts to decline to exercise supplemental jurisdiction over a state claim if:
>(1) the claim raises a novel or complex issue of state law,
>(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>(3) the district court has dismissed all claims over which it has original jurisdiction, or
>(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

715, 726 (1966) ("[P]endent jurisdiction is a doctrine of discretion, not of [a] plaintiff's right"). In exercising this discretion, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co*., 805 F.2d at 1257; *Nagy*, 2007 WL 2122175, at *10.

Here, in addition to her § 13(c) claim, Plaintiff has alleged several state law claims. However, "[a] necessary condition for the exercise of supplemental jurisdiction is the substantiality of the federal claims." *Arena v. Graybar Elec. Co., Inc*., 669 F.3d 214, 222 (5th Cir. 2012) (quoting *Decatur Liquors, Inc. v. Dist. of Columbia*, 478 F.3d 360, 363 (D.C. Cir. 2007) (citations omitted)). "If the federal claims are obviously frivolous or so attenuated and unsubstantial as to be absolutely devoid of merit, . . . a federal court lacks subject-matter jurisdiction over those claims and, consequently, any local law claims." *Id.* (quoting *Decatur Liquors, Inc.*, 478 F.3d at 363) (internal quotations and citation omitted). "Without original jurisdiction on the federal claim, the court cannot assert jurisdiction over state-law claims, even if those claims derive from a common nucleus of operative facts." *Id*. Because § 13(c) provides no federal cause of action, subject-matter jurisdiction cannot be exercised over Plaintiff's state law claims. Therefore, the Court should decline to exercise supplemental jurisdiction over her state law claims, and they should be dismissed without prejudice to pursuing them in state court. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

## IV. RECOMMENDATION

Defendant's Rule 12(b)(6) motion should be **GRANTED**, and Plaintiff's federal claims should be **DISMISSED with prejudice** for failure to state a claim. The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and they should be **DISMISSED without prejudice** to her pursuing them in state court.

**SIGNED this 18th day of December, 2015.**

                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

       A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE